IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ENVIRONMENTAL MANUFACTURING
SOLUTIONS, LLC

        Plaintiff

vs.                                             Case No. 6:09-cv-395-ORL-28DAB

PEACH STATE LABS, INC.

        Defendant.

_____

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan for this Track 2 case pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c).

**PENDENCY OF RELATED GEORGIA INFRINGMENT ACTION:**

1. The <u>Complaint for Declaration Judgment of Patent Non-Infringement and Patent Invalidity</u> [Doc. 1] filed by Plaintiff, Environmental Manufacturing Solutions, LLC ("EMS") on February 27, 2009 in this Case No 6:09-cv-395-Orl-28DAB (the "Florida Declaratory Action") acknowledges in paragraph 6 thereof that Defendant, Peach State Labs, Inc. ("PSL") brought its own Complaint for patent infringement concerning U.S. Patent No.: 5,672,279 (the "279 Patent") against EMS in a related Georgia action filed November 26, 2009 that is styled, *Peach State Labs, Inc., Plaintiff, vs. Environmental Manufacturing Solutions, LLC, Defendant*, United States District Court for the Northern District of Georgia, Rome Division, Case No. 4:08-cv-190-HLM (the "Georgia Infringement Action"). The 279 Patent is in controversy in both the later filed Florida Declaratory Action and the earlier filed Georgia Infringement Action.

2. EMS challenged personal jurisdiction in the Related Georgia Infringement Action, and it is EMS' position that compelling circumstances warrant an exception to the first-filed rule because EMS is not subject to personal jurisdiction in Georgia. The EMS FRCP Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction was filed in the Georgia Infringement Action on March 2, 2009. PSL filed its Opposition Memorandum on March 16, 2009, and EMS' Reply Brief was filed March 26, 2009. On April 6, 2009, the Georgia District Court entered its April 6, 2009 Order Under Seal, a copy of that ruling being filed under seal with this Court on April 22, 2009, consistent with this Court's April 20, 2009 Order [Doc. 14].

3. The Georgia District Court's April 6, 2009 Order Under Seal found that PSL had unsuccessfully attempted to make a *prima facie* case for personal jurisdiction, but allowed for a ninety (90) day period for the parties to conduct jurisdictional discovery after which EMS can file a second motion to dismiss for lack of personal jurisdiction.[1] This ninety (90) day period will not expire until July 5, 2009, the second round of briefing on EMS' second motion to dismiss for lack of personal jurisdiction will likely extend through August 31, 2009, unless PSL earlier dismisses the related Georgia Infringement Action. Unless there is a voluntary dismissal of the Georgia Infringement Action, it is not likely that the question of whether jurisdiction over EMS exists in the related Georgia Infringement Action will be decided until September 2009.

4. PSL was served with the EMS Complaint in this Florida Declaratory Action on March 5, 2009 [Doc. 8]. The extended deadline for PSL to respond to the EMS Complaint in this Florida Declaratory Action is May 25, 2009 [Doc. 9][Doc. 10]. The reason PSL sought and obtained that consensual extension was to allow time for a ruling to be made by the Georgia

---

[1] This is what the docket entry text for [Doc. 22] in the related Georgia Infringement Action provides, and that entry for [Doc. 22] is a matter of public record. For the remainder of Judge Murphy's Order, this Court must consult actual Order Under Seal filed April 23, 2009.

0292012\137709\1229455\2

District Court on the EMS Motion to Dismiss in the related Georgia Infringement Action. That ruling preliminarily came with the Georgia District Court's April 6, 2009 <u>Order Under Seal.</u>

5. EMS and PSL stipulate that nothing about the filing of the required Case Management Report, the issuance of the Case Management and Scheduling Order, and/or PSL's filing a response to the Complaint in the Florida Declaratory Action shall prejudice the right of PSL to seek dismissal of the Florida Declaratory Action in the event that the court in the Georgia Infringement Action finds it has jurisdiction over EMS. EMS and PSL further stipulate that any discovery taken in this Florida Declaratory Action may be used in the related Georgia Infringement Action and, alternatively, that discovery taken in the Georgia Infringement Action may be used in this Florida Declaratory Action.

6. **<u>EMS POSITION ON SCHEDULING ORDER</u>**: Is it the EMS position that this Court's <u>Case Management and Scheduling Order</u> should issue on this <u>Case Management Report</u> without any need to await the final disposition of the jurisdictional question in the Georgia Infringement Action. Because the Georgia District Court has only allowed for discovery on jurisdictional issues to be conducted until July 5, 2009, it is the EMS position that neither EMS nor PSL should be permitted to conduct discovery in this Florida Declaratory Action until the earlier of July 5, 2009, or the dismissal of the Georgia Infringement Action. Local Rule 3.05 calls for this Track 2 case to be resolved between <u>March 2010</u> and <u>March 2011</u> (1-2 years), and EMS request that this Court implement a target trial date of **<u>February or March 2011</u>**. EMS also contends that PSL should be required to file its response to the Complaint in this Florida Declaratory Action on May 25, 2009, consistent with this Court's March 24, 2009 Order [Doc. 9]. Georgia District Judge Murphy already found that PSL had not made a *prima facie* case for personal jurisdiction over EMS, and the setting of a trial date in this Florida Declaratory Action

should not be unnecessarily delayed. A trial date in February or March of 2011 allows for sufficient time for this Court and the parties to factor in the final outcome of the EMS jurisdictional challenge in Georgia. If jurisdiction is found, than this Florida Declaratory Action will be dismissed. If jurisdiction is not found in Georgia over EMS, than this case shall proceed.

7.  **PSL POSITION ON SCHEDULING:** It is the PSL position that if jurisdiction over EMS is found in the related Georgia Infringement Action, this Florida Declaratory Action should be dismissed. Because the parties have stipulated that issuance of this Court's Case Management and Scheduling Order shall not prejudice the right of PSL to seek dismissal of this Florida Declaratory Action in the event that jurisdiction over EMS is found in the Georgia Infringement Action, PSL is not opposed to this Court's issuing its <u>Case Management and Scheduling Order</u> on this <u>Case Management Report</u> without awaiting a final disposition of the jurisdictional question in the Georgia Infringement Action. The parties have further stipulated that any discovery taken in the Florida Declaratory Action may be used in the related Georgia Infringement Action and that, alternatively, discovery taken in the Georgia Infringement Action may be used in this Florida Declaratory Action. Accordingly, PSL agrees that discovery in this Florida Declaratory Action should begin at the earlier of July 5, 2009, or the dismissal of the Georgia Infringement Action. This Court's March 24, 2009 Order [Doc. 9] granted PSL's Motion for an Extension of Time to File Responsive Pleadings, and allowed PSL through and including May 25, 2009 to file it's responsive pleadings. Because May 25, 2009 falls on a holiday when this Court is closed, PSL will file its response to the Complaint in this Florida Declaratory Action on May 26, 2009.

8.  **MARKMAN *MOTION DEADLINE REQUESTED* (before Expert Reports).**

EMS and PSL jointly agree that it is in the interest of justice and judicial economy for there to be an early *Markman*[2] hearing in this case to address claim interpretation issues. If the Court is inclined to grant an early *Markman* hearing, the parties agree that it would be most efficient to do so within a time period such that the Court could issue a *Markman* ruling prior to the commencement of expert discovery. This avoids the need for the experts to address validity and infringement issues based on alternative claim constructions that may be presented by the parties. Both parties agree that if the Court is so inclined, the parties would each file their *Markman* Briefs by January 15, 2010, with responses thereto by February 19, 2010, so that a *Markman* Hearing could be conducted in March 2010 and a decision thereon could be rendered before the parties' respective expert reports are due (proposed below).

**Expert Disclosures for Party with Burden of Proof**

With regard to expert reports, it is mutually agreed by EMS and PSL that if a party intends to rely on expert testimony for an issue for which that party bears the burden of proof, that party shall identify such expert(s) and furnish their expert disclosure report(s) as to that (those) issue(s) by August 20, 2010. Any rebuttal expert reports shall be furnished by September 30, 2010. Depositions of identified experts shall take place in September 2010, so as to allow sufficient time for the parties to prepare their rebuttal expert disclosures (if any). Depositions of rebuttal experts shall occur prior to the discovery cut-off.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) | *August 7, 2009 (it being admitted that MACT reserves all rights to maintain its jurisdictional challenge* |

---

[2] *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995).
0292012\137709\1229455\2

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
|  | *without regard to the Initial Disclosures)* |
| Discovery commences after close of jurisdictional discovery in Georgia Infringement Action. | *July 6, 2009* |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | *September 7, 2009* |
| Disclosure of Expert Reports:<br><br>In lieu of separate deadline for Plaintiff's Expert Disclosure and Defendant's Expert Disclosure, the parties mutually agree that the party bearing the burden of proof on any particular issue shall be required to furnish its expert disclosure report on said issue(s) on August 20, 2010, with any rebuttal expert disclosures being due by September 30, 2010.  The parties shall further cooperate and make their experts available for deposition during the month of September 2010, so as not to hinder the finalization of rebuttal expert reports. The parties further agree that rebuttal expert depositions shall be conducted prior to the discovery cut-off.<br><br>[*Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions*] |  |
| Discovery Timeline:<br><br>Discovery Cut Off – All Discovery must be served such that responses can be timely made by the Discovery Cut Off<br><br>[*Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date*] | *October 31, 2010* |
| Dispositive and *Daubert* Motions:<br><br>[*Court requires 4 months or more before trial term begins*] | *December 3, 2010* |

0292012\137709\1229455\2

6

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| *Markman* Briefs (as stated above)<br><br>[Court requires 4 months or more before trial term begins] | *January 15, 2010,*<br>*with responses due by February 19, 2010 and Markman Hearing to occur in March 2010* |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement] | *10 days before Joint Pretrial Statement deadline* |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)<br>[*Court recommends 6 weeks before Final Pretrial Conference*] | *6 weeks before Final Pretrial Conference* |
| All Other Motions Including Motions *In Limine*, Trial Briefs [*Court recommends 3 weeks before Final Pretrial Conference*] | *3 weeks before Final Pretrial Conference* |
| Final Pretrial Conference<br>[*Court will set a date that is approximately 3 weeks before trial*] | To be Set by the Court |
| Trial Term Begins<br><br>*Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties*] | *March 2011* |
| Estimated Length of Trial | *7 Days* |
| Jury / Non-Jury | *Jury* |
| Mediation Deadline: | *September 30, 2010* |

0292012\137709\1229455\2

7

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Proposed Mediator: | Jay Cohen<br>Post Office Box 2210<br>Winter Park, FL  32790-2210<br>(407) 644-1181 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____   No__X__<br>Likely to Agree in Future No |

I. **Meeting of Parties in Person**

The following Florida counsel met in person* within the Middle District of Florida, pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), on **Tuesday, April 28, 2009** at **2:00 p.m.**

| Name | Counsel for (if applicable) |
|---|---|
| T. Todd Pittenger, Esquire<br>Lowndes Drosdick Doster Kantor<br>  &  Reed, P.A.<br>450 South Orange Avenue<br>Suite 250<br>Post Office Box 2809<br>Orlando, Florida 32802-2809 | Counsel for Plaintiff EMS |

**Attorneys Participating by Telephone**

| | |
|---|---|
| Mitch Stockwell, Esquire<br>Jennifer Blackburn, Esquire<br>Shane Ramsey, Esquire<br>Kilpatrick Stockton, LLP<br>1100 Peachtree Street<br>Suite 2800<br>Atlanta, Georgia 30309 | Counsel for Defendant PSL |

*Counsel for PSL appeared by telephone with the consent of counsel for Environmental Solutions, LLC

II. **Pre-Discovery Initial Disclosures of Core Information**

0292012\137709\1229455\2

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties agree to exchange the information described in Fed.R.Civ.P. 26(a)(1)(i)-(iv) on August 7, 2009.

**III.   Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.   Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

    __  X  __     Yes.

    **B.   Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).

**C.    Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party), excluding experts. Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties, each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed as follows:

   1.    ***Depositions***

        Ten (10) depositions per side, plus experts.

   2.    ***Interrogatories***

        The parties have agreed to no additional limitations.

   3.    ***Document Requests***

        The parties have agreed to no additional limitations.

   4.    ***Requests to Admit***

        The parties have agreed to no additional limitations.

   5.    ***Supplementation of Discovery***

        The parties have agreed to no additional limitations

**D.    Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the Discovery Cut Off date. The Court may deny as untimely all motions to compel filed after the Discovery Cut Off date.

**E.    Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

> In lieu of separate deadline for Plaintiff's Expert Disclosure and Defendant's Expert Disclosure, the parties mutually agree that the party bearing the burden of proof on any particular issue shall be required to furnish its expert disclosure report on said issue(s) on August 20, 2010, with any rebuttal expert disclosures being due by September 30, 2010. The parties shall further cooperate and make their experts available for deposition during the month of September 2010, so as not to hinder the finalization of rebuttal expert reports. Rebuttal experts shall be made available for deposition before the discovery cut-off.

**F.    Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

>    1.    The parties shall exchange drafts of a Confidentiality Agreement by May 29, 2009, with the objective of arriving at a mutually acceptable Confidentiality Agreement prior to June 30, 2009.  In the event a Confidentiality Agreement is agreed upon in the Georgia Infringement Action, the parties agree that such Confidentiality Agreement will apply in this Florida Declaratory Action unless and until it is superceded.

**G.    Other Matters Regarding Discovery —**

0292012\137709\1229455\2

NONE

IV.     **Settlement and Alternative Dispute Resolution.**

A.     **Settlement —**

It is Defendants' position that settlement is

_____ likely          _____ unlikely  **X too soon to respond**

It is Plaintiffs' position that settlement is

_____ likely          _____ unlikely  **X  too soon to respond**

The parties request a settlement conference before a United States Magistrate Judge.

       yes         **X     no**        ____likely to request in future

B.     **Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

       yes         **X     no**        likely to agree in future

       _____ Binding          _____Non-Binding

C.     **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on the mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The parties further agree that they are willing to conduct a mediation with the agreed upon mediator, listed above, subject to the mediator's availability and the mediator having conducted a conflicts check.

0292012\137709\1229455\2

13

    **D.**    **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

**NONE**

Signature of Counsel.

| | |
|---|---|
| Dated this 12th day of May, 2009 | Dated this 12th day of May, 2009 |
| /s/Shane Ramsey | /s/Thomas Todd Pittenger |
| **SHANE RAMSEY**<br>Florida Bar No. 026842<br>**MITCHELL G. STOCKWELL**<br>**JENNIFER BLACKBURN**<br>Kilpratrick Stockton, LLP<br>1100 Peachtree Street<br>Suite 2800<br>Atlanta, Georgia 30309<br>Telephone: (404) 745-2429<br>Facsimile:  (404) 451-3439<br>sramsey@kilpatrickstockton.com<br><br>*Attorneys for Defendant,*<br>*Peach State Labs, Inc.* | **T. TODD PITTENGER**<br>Florida Bar No. 0768936<br>Lowndes, Drosdick, Doster, Kantor & Reed, P.A.<br>450 South Orange Avenue<br>Suite 250<br>Post Office Box 2809<br>Orlando, Florida 32802-2809<br>Telephone: (407) 843-4600<br>Facsimile:  (407) 843-4444<br>todd.pittenger@lowndes.law.com<br>*Attorneys for Plaintiff,*<br>*Environmental Manufacturing Solutions, LLC* |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on May 12, 2009, *I electronically filed* the foregoing with the Clerk of the Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Case of the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have registered to receive notices from the Court under the CM/ECF system.

                                         **/s/ Thomas Todd Pittenger**
                                           T. Todd Pittenger