IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ENVIRONMENTAL MANUFACTURING     :
SOLUTIONS, LLC,     :     CASE NO.:6:09-cv-395-Orl-28DAB
    :
      Plaintiff,     :
    :
v.     :
    :
PEACH STATE LABS, INC.,     :
    :
      Defendant.     :

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COUNTERCLAIMS

The Plaintiff/Counterdefendant, ENVIRONMENTAL MANUFACTURING SOLUTIONS, LLC ("EMS"), by and through its undersigned attorneys, hereby answers the Amended Counterclaims of the Defendant/Counterplaintiff, PEACH STATE LABS, INC. ("PSL") [Doc. 29] as follows, in numbered paragraphs that correspond to those contained within the PSL Amended Counterclaims, to wit:

1.     Admitted.

2.     Without knowledge, therefore denied.

3.     Admitted.

4.     Admitted.

5.     Without knowledge, therefore denied.

6.      Admitted that PSL claims to own the 279 Patent, the terms of which speaks for itself.  The balance is denied as framed.

7.      Denied as framed.

8.      Denied as framed.

9.      Admitted that EMS makes, sells and promotes the use of EMS Ready-Mix Truck Wash and Wax ("EMS Ready-Mix"), but denied as to the remainder.

10.     Denied as framed.

11.     Denied as framed.

12.     Denied as framed.

13.     Denied as framed.

14.     Denied as framed.

15.     Denied as framed.

16.     Denied as framed.

17.     Denied as framed.

18.     Denied as framed.

19.     Admitted that EMS denied and still denies infringement of the 279 Patent, otherwise denied.

20.     EMS incorporates its responses to paragraphs 1 through 19 above.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     As to the "requested relief" in the "wherefore clause" in PSL Amended Counterclaim, EMS denies that PSL is entitled to any of the requested relief, and prays instead that the Amended Counterclaims be dismissed with prejudice, and that EMS be granted the declaratory judgment it seeks [Doc. 1].

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

EMS avers that PSL has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

EMS asserts that its products have not infringed any independent claim of the patent-in-suit either literally or by equivalency.

### Third Affirmative Defense

EMS avers, on information and belief until such time as EMS has had the opportunity to conduct discovery, that the patent-in-suit is invalid under the provisions of Title 35, United States Code.

**Fourth Affirmative Defense**

EMS avers on information and belief that the 279 Patent is unenforceable.

On information and belief, the 279 Patent also failed to satisfy other conditions and

requirements for patentability, the evaluation of which is ongoing

**Fifth Affirmative Defense**

EMS avers that the issued claims in the 279 Patent read as follows:

1.     A method to solubilize calcium carbonate in aqueous suspensions or dispersions of calcium carbonate that includes adding to the suspensions or dispersions a sufficient amount of urea hydrochloride to convert the calcium carbonate to a water soluble salt, wherein a molar ratio of urea to hydrochloric acid approximately between 1:4 and 4:1 is used to form said urea hydrochloride.

2.     The method of claim 1, wherein the calcium carbonate is in paper manufacturing process water.

3.     The method of claim 1, wherein said ratio of urea to hydrochloric acid is approximately 2:1.

4.     The method of claim 1, wherein said ratio of urea to hydrochloric acid is approximately 1:1.

5.     The method of claim 1, wherein the calcium carbonate is in paper recycling process water.

The 279 Patent discloses two methods for using urea hydrochloride: "a

method to remove the build-up of water-insoluble metal salts on surfaces, and a

method to lower the solids content of industrial liquids that contain water-insoluble

metal salts". [col. 3, lines 9-12]   The latter embodiment is also described as the

"dissolution of water-insoluble metal salt dispersions or suspensions."  Throughout the Specification of the 279 Patent, these uses are described as being distinct.

The claims within the 279 Patent cannot be construed to cover the use of urea hydrochloride as a surface cleaning agent, which comports with the opinion of the Patent Examiner responsible for the 279 Patent, on grounds of prior art.  To the extent the 279 Patent is construed to encompass the disclosed surface-cleaning embodiment, then the 279 Patent is invalid under 35 U.S.C. § 102 and/or § 103.

Further, EMS avers that the claims within the 279 Patent as issued and interpreted to encompass the solubilization of calcium carbonate in aqueous suspensions or dispersions, are invalid under 35 U.S.C. § 102 and/or § 103.

**Sixth Affirmative Defense**

EMS avers that Claim 1 of 279 Patent Claim 1 as filed reads "[a] method to remove undesirable solids comprising a water-insoluble metal salt that includes treating the solids with a sufficient amount of urea hydrochloride to convert the water insoluble salt to a water soluble salt".  The file wrapper for the 279 Patent reveals that during prosecution, in order to secure allowance, it was argued by Peach State that:

> The claimed invention is a method of solubilizing calcium carbonate in aqueous suspensions or dispersions of calcium carbonate. . . . Applicants have amended the claims to more clearly define the types of undesirable solids that are removed (calcium carbonate), . . . and what the solids are removed from (aqueous suspensions or dispersions of the calcium salts).

Thus, although the 279 Patent *teaches* the use of urea hydrochloride to remove concrete from surfaces, the claim language as issued does not cover such a composition and method of use.  Peach State is barred from contending otherwise by prosecution history estoppel, as well as a "disclosed but not claimed" scenario.

### Seventh Affirmative Defense

EMS avers that EMS is neither using the method described in the 279 Patent, nor promoting or providing products for use of that method by others, so EMS is not engaged in direct infringement, nor is EMS inducing others to infringe. The raw material components in the entire EMS product line are staple commodities of commerce suitable for non-infringing use, and EMS is not engaged in direct infringement nor does it contribute to infringement by the selling of these products.

### Eighth Affirmative Defense

EMS affirmatively states that certain, if not all, of the claims of the 279 Patent are invalid for failure to satisfy the conditions and requirements for patentability as set forth in Title 35, United States Code Section 112, in that the claims are not sufficiently precise to provide EMS with an accurate determination of the "metes and bounds" of the patent protection allegedly provided to PSL.

## Ninth Affirmative Defense

EMS affirmatively states that when the EMS accused products are compared with the claims in the 279 Patent, EMS cannot be found liable for direct or indirect infringement.   Because substantial non-infringing uses for the accused product exist, EMS also cannot be found liable for contributory infringement.

## Tenth Affirmative Defense

EMS avers that the equitable doctrines of waiver, estoppel, unclean hands, and/or laches bar some or all of PSL's claims for damages and other relief.

## Eleventh Affirmative Defense

EMS avers on information and belief that PSL has improperly and illegally utilized the 279 Patent, and has engaged in conduct amounting to patent misuse, in order to unfairly compete and/or engage in violations of the antitrust laws.

## Twelfth Affirmative Defense

PSL's claims against EMS are barred in whole or in part because PSL has breached its Confidentiality Agreement with EMS, and has caused EMS damages.

## Thirteenth Defense

PSL's claims against EMS are barred based on express and/or implied license.

**Reservation of Rights to Assert Additional Affirmative Defenses**

Discovery only recently commenced, based on the Case Management Report

[Doc. 16] filed herein and the Scheduling Order [Doc. 23].  Until such time as the

parties have had an adequate opportunity to conduct merits discovery in this

Florida declaratory action, EMS reserves the right to assert additional defenses.

Respectfully submitted August 28, 2009.

/s/  Thomas Todd Pittenger

_____

**T. Todd Pittenger**
Florida Bar No. 0768936
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
450 South Orange Avenue, Suite 800
Post Office Box 2809
Orlando, Florida 32802
Telephone:  (407) 843-4600
Facsimile:   (407) 843-4444
Attorney for Plaintiff, EMS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been
furnished on August 28, 2009 via the Clerk of Court's electronic ecf filing system
on all parties who have so registered, specifically including:

Shane Ramsey, Esquire
Mitchell Stockwell, Esquire
Jennifer Blackburn, Esquire
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309

Michael L. Gore, Esquire
Shutts & Bowen LLP
300 South Orange Avenue, Suite 1000
Post Office Box 4956
Orlando, Fl  32802-4956

/s/ Thomas Todd Pittenger

_____

**T. Todd Pittenger**

0292012\137709\1234504\2

8