United States District Court
Middle District of Florida
Orlando Division

FILED
IN OPEN COURT
APR 1 8 2011
CLERK
U. S. DISTRICT COURT

**PEACH STATE LABS, INC.**

**Plaintiff,**

-vs-  Case No. 6:09-cv-395-Orl-28DAB

**ENVIRONMENTAL MANUFACTURING SOLUTIONS, LLC**

**Defendant.**
_____/

## VERDICT FORM

**Instructions:** When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Please refer to the Jury Instructions for guidance on the law applicable to the subject matter covered by each question.

### QUESTIONS AND ANSWERS

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## I. FINDINGS ON INFRINGEMENT CLAIMS

### A. Indirect Infringement—Inducing Infringement

1. Has Peach State proven that it is more likely than not that: (a) EMS actively encouraged or instructed another person on how to use a product in a way that infringes claim 1, 3, and/or 4, of the 279 patent; (b) EMS knew of the patent at that time; (c) EMS knew, or should have known, that the encouragement or instructions would result in infringement; and (d) the other person infringed claim 1, 3, and/or 4?

| U.S. Patent No. 5,672,279 | Yes, Infringed | No, Not Infringed |
|---|---|---|
| Claim 1 | Yes | |
| Claim 3 | | No |
| Claim 4 | | No |

B. Indirect Infringement—Contributory Infringement

2. Has Peach State proven that it is more likely than not that: (a) EMS supplied a product to another for use in a process that infringes claim 1, 3, and/or 4, of the 279 patent; (b) the product was a material part of the infringing process; (c) EMS supplied the product with knowledge of the patent and knowledge that the product was especially made or adapted for use in an infringing manner; and (d) the product did not have a substantial non-infringing use?

| U.S. Patent No. 5,672,279 | Yes, Infringed | No, Not Infringed |
|---|---|---|
| Claim 1 | Yes | |
| Claim 3 | | No |
| Claim 4 | | No |

If the answer to questions 1 and/or 2 is "yes," answer question 3. If your answer to questions 1 and 2 is "no," go to question 5.

C. Willful Infringement

3. Has Peach State proven that it is highly probable that EMS's conduct was objectively reckless, that is, that EMS proceeded with the allegedly infringing conduct despite an objectively high likelihood that it was infringing a valid and enforceable patent?

Yes ✓ No ____

If the answer to question 3 is "yes," answer question 4. If your answer to question 3 is "no," go to question 5.

4. Has Peach State proven that it is highly probable that EMS actually knew, or it was so obvious that EMS should have known, that its actions constituted infringement of a valid and enforceable patent?

Yes ✓ No ____

II. FINDINGS ON INVENTORSHIP

5. Has EMS proven that it is highly probable that Richard Sargent is not a co-inventor of United States Patent No. 5,672,279.

Yes ____ No ✓

## III. FINDINGS ON DAMAGES (IF APPLICABLE)

If you answered question 1 and or 2 "yes", proceed to answer the remaining questions. If you did not so answer, do not answer the remaining questions and proceed to check and sign the verdict form.

### A. Damages

6. What amount of damages has Peach State proved it is entitled to as a result of the infringement?

Reasonable Royalty: $ $151,392

Rate: .44 gal.

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the marshal that you have reached a verdict

The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED: 4/18/11 , 2011 By: [signature] Presiding Juror